BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE:

BAby FOOD MARKETING, SALES PRACTICES
AND PRODUCTION LIABILITY LITIGATION

MDL No. 2997

GARCES PLAINTIFFS' RESPONSE-JOINDER IN SUPPORT OF ALBANO
PLAINTIFFS' MOTION FOR TRANSFER OF ACTIONS TO THE
EASTERN DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C. § 1407

NOW COME Plaintiffs Aileen Garces, Edelin Altuve, Jenny Anderson, Carrie Ashbourne, Ashlee Campion, Jessica Conner, Brandy Daniels, Diego Galeana, April Gillens, Jandrea Glenn, Elizabeth Hall, Amber Hogan, Savanna Jarrell, Laszlo Kovacs, Cori Lau, Michelle Lyles, Shalaya Martin, Christina Martinson, Melissa Mejia, Chey'na Micciche, Julia Milton, Ashley Morgan, Michael Morrow, Stacy Musto, Chris Nalley, Gladys Okolo, Queen Pough, Cortney Powell, Amy Prondzinski, Jessica Reed, Soraya Santos, Kira Spurgeon, Lindsey Tarlton, Lidia Tilahun, Julia Vice, Damen Walton, Jennifer Weiss, and Janice Wilson (collectively "Garces Plaintiffs"), individually and on behalf of all others similarly situated, by and through counsel, and, for their *Response-Joinder in Support of Albano Plaintiffs' Motion for Transfer of Actions to the Eastern District of New York Pursuant to 28 U.S.C. § 1407* ("Response"), state as follows:

I.  **INTRODUCTION.**

Pending before the Panel is a motion ("Motion") filed by Plaintiffs Lori-Anne Albano, Myjorie Philippe, Rebecca Telaro, and Alyssa Rose (collectively "Albano Plaintiffs") pursuant to 28 U.S.C. § 1407 seeking to transfer and consolidate numerous lawsuits pending in federal courts across the country arising from Defendants' marketing and sales of baby food sold throughout the United States.  At the time the Motion was filed, there were 43 such lawsuits pending in 12 federal districts.  *See*, Motion, MDL Dkt. 1-1, pp. 4-5.  Since that time, at least 14 more substantially similar lawsuits have been filed against Defendants.  According to the JPML docket, there are 57 related cases ("Lawsuits") against Defendants pending in 14 federal districts.

As discussed in the Motion, the Lawsuits are nearly identical, as all actions assert common factual allegations and involve overlapping claims and legal issues, and present a common core of facts, in that each "(i) alleges that Defendants' baby food products tested for harmful heavy metals; (ii) alleges that Defendants' food labeling was false and misleading and failed to disclose material facts; (iii) asserts economic injuries arising from Defendants' wrongful conduct; and (iv) seeks monetary and equitable relief."  *See*, Motion, MDL Dkt. 1-1, p. 3.  Since all of the Lawsuits involve common questions of fact and law, consolidation in a single District will promote judicial efficiency, and will avoid the risk of inconsistent and overlapping judgments.

To that end, Albano Plaintiffs seek to transfer all of the Lawsuits to the Eastern District of New York to be consolidated for pretrial purposes.  *See generally*, Motion.  Garces Plaintiffs agree that the Panel should transfer and consolidate all of the Lawsuits in the Eastern District of New York, and file this Response in support of Albano Plaintiffs' Motion.  For brevity, Garces Plaintiffs will not repeat many of the arguments raised in the Motion, and incorporate those

arguments by reference herein. However, in further support of their (and Albano Plaintiffs') request to consolidate all of the Lawsuits in the Eastern District of New York, Garces Plaintiffs wish to provide additional detail as to a few of the factors to be considered by the Panel: (1) where the Lawsuits have been filed; (2) the plaintiffs' support for the transferee forum; and (3) the judge's docket to which the Lawsuits should be transferred. For the reasons set forth below (and in the Motion), these factors strongly favor transfer to the Eastern District of New York.

## II.     ARGUMENT.

As discussed in the Motion, the Panel has considered, *inter alia*, the procedural stage of each case, when each case was filed, and where each case is currently pending in selecting an appropriate transferee district. *E.g.*, *In re: Nat'l Arbitration Forum Antitrust Litig.*, 682 F.Supp.2d 1343, 1345 (J.P.M.L. 2010); *In re Treasury Sec. Auction Antitrust Litig.*, 148 F.Supp 3d 1360, 1362 (J.P.M.L. 2015); *In re Nat'l Football League's "Sunday Ticket" Antitrust Litig.*, 148 F.Supp.3d 1358, 1359 (J.P.M.L. 2015); *In re L. E. Lay & Co. Antitrust Litig.*, 391 F.Supp.1054, 1056 (J.P.M.L. 1975); *In re Koratron*, 302 F.Supp. 239, 243 (J.P.M.L. 1969); *In re Air Crash Near Peixoto De Azeveda, Brazil on September 29, 2006*, 493 F.Supp.2d 1374, 1376 (J.P.M.L. 2007). These factors all support transfer and consolidation in the Eastern District of New York.

### A.     A Significant Number of Lawsuits Are Currently Pending in the Eastern District of New York.

Of the 57 related Lawsuits reflected on the JPML docket, the largest number—17—are currently pending in the Eastern District of New York. A PACER search reveals 2 additional cases filed in the Eastern District of New York that have not yet been designated as related. Thus, there are 19 Lawsuits currently pending in the Eastern District of New York. The sheer number of Lawsuits pending in the Eastern District of New York supports transfer to that district.

*E.g.*, *In re Koratron*, 302 F.Supp. at 243; *In re: Nat'l Arbitration Forum*, 682 F.Supp.2d at 1346; *In re Treasury Sec. Auction*, 148 F.Supp 3d at 1362; *"Sunday Ticket" Antitrust Litig.*, 148 F.Supp.3d at 1359.

### B. A Significant Number of Plaintiffs Support Transfer to the Eastern District of New York.

The 42 plaintiffs who have weighed in on this issue to date support transfer of the Lawsuits to the Eastern District of New York. To date, no plaintiff opposes such transfer. *See "Sunday Ticket" Antitrust Litig.*, 148 F.Supp.3d at 1360 (selecting transferee district that had the support of the majority of the responding plaintiffs); *In re Standard Auto. Corp. Retiree Benefits "ERISA" Litig.*, 431 F.Supp.2d 1357, 1358 (J.P.M.L. 2006) (same).

Additionally, most plaintiffs purchased baby food from multiple defendants and they sued multiple defendants. In the *Garces* lawsuit (21-cv-719, ND IL): 9 plaintiffs purchased baby food from and sued 4 defendants; 9 plaintiffs purchased baby food from and sued 3 defendants; and 12 plaintiffs purchased baby food from and sued 2 defendants. The legal issues will be the same for all of the defendants vis-à-vis a particular plaintiff. For example, there are no FDA guidelines pertaining to quantities of heavy metals in baby food, and the court will have to decide whether the plaintiff can assert a claim under the requirements of a state's consumer fraud act, warranty law, etc. If the Lawsuits are not transferred to a single transferee docket, the parties run the risk of inconsistent rulings.

### C. The Proper Transferee Docket is the Docket of Chief Judge Margo K. Brodie in the Eastern District of New York.

The docket of the Honorable Margo K. Brodie in the Eastern District of New York is the appropriate transferee docket for all of the Lawsuits. Chief Judge Brodie has previous experience presiding over multidistrict litigation, and she has also presided over a consolidated class action

lawsuit involving infant formula, *Hasemann, et al. v. Gerber Products Co.*, 331 F.R.D. 239 (E.D.N.Y. 2019). She is a highly qualified, well respected jurist with experience in the procedural and substantive issues in the Lawsuits. These facts make her uniquely qualified to preside over the Lawsuits.

### III.  CONCLUSION.

For the reasons stated in the Motion, and expounded upon above, the Panel should transfer all of the Lawsuits to the Eastern District of New York to the docket of Chief Judge Margo K. Brodie to be consolidated for pretrial purposes.

WHEREFORE, Plaintiffs Aileen Garces, Edelin Altuve, Jenny Anderson, Carrie Ashbourne, Ashlee Campion, Jessica Conner, Brandy Daniels, Diego Galeana, April Gillens, Jandrea Glenn, Elizabeth Hall, Amber Hogan, Savanna Jarrell, Laszlo Kovacs, Cori Lau, Michelle Lyles, Shalaya Martin, Christina Martinson, Melissa Mejia, Chey'na Micciche, Julia Milton, Ashley Morgan, Michael Morrow, Stacy Musto, Chris Nalley, Gladys Okolo, Queen Pough, Cortney Powell, Amy Prondzinski, Jessica Reed, Soraya Santos, Kira Spurgeon, Lindsey Tarlton, Lidia Tilahun, Julia Vice, Damen Walton, Jennifer Weiss, and Janice Wilson respectfully request that the Panel grant Albano Plaintiffs' Motion and transfer the Lawsuits to the United States District Court for the Eastern District of New York to be consolidated for pretrial purposes, transfer the Lawsuits to the docket of Chief Judge Margo K. Brodie, and for any other relief deemed just and appropriate under the circumstances.

> Plaintiff AILEEN GARCES, EDELIN ALTUVE, JENNY ANDERSON, CARRIE ASHBOURNE, ASHLEE CAMPION, JESSICA CONNER, BRANDY DANIELS, DIEGO GALEANA, APRIL GILLENS, JANDREA GLENN, ELIZABETH HALL, AMBER HOGAN, SAVANNA JARRELL,

LASZLO KOVACS, CORI LAU, MICHELLE LYLES, SHALAYA MARTIN, CHRISTINA MARTINSON, MELISSA MEJIA, CHEY'NA MICCICHE, JULIA MILTON, ASHLEY MORGAN, MICHAEL MORROW, STACY MUSTO, CHRIS NALLEY, GLADYS OKOLO, QUEEN POUGH, CORTNEY POWELL, AMY PRONDZINSKI, JESSICA REED, SORAYA SANTOS, KIRA SPURGEON, LINDSEY TARLTON, LIDIA TILAHUN, JULIA VICE, DAMEN WALTON, JENNIFER WEISS, and JANICE WILSON, individually, and on behalf of all others similarly situated,

By:   s/Thomas A. Zimmerman, Jr.
      Thomas A. Zimmerman, Jr.
      *tom@attorneyzim.com*
      ZIMMERMAN LAW OFFICES, P.C.
      77 West Washington Street, Suite 1220
      Chicago, Illinois 60602
      (312) 440-0020 telephone
      (312) 440-4180 facsimile
      www.attorneyzim.com
      *firm@attorneyzim.com*

Counsel for Garces Plaintiffs