**BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE: BABY FOOD MARKETING, SALES PRACTICES AND PRODUCTION LIABILITY LITIGATION** | **MDL No. 2997** |

**_KELLY_ PLAINTIFFS' RESPONSE IN PARTIAL SUPPORT OF
_ALBANO_ PLAINTIFFS' MOTION FOR TRANSFER OF ACTIONS TO
THE EASTERN DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C. § 1407**

Pursuant to Rule 6.1(c) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, Plaintiffs Andrea Kelly and Cole Millican ("*Kelly* Plaintiffs") respectfully submit their response in partial support of the motion for transfer of actions to the Eastern District of New York. The *Kelly* Plaintiffs agree that the Related Actions should be transferred and consolidated pursuant to 28 U.S.C. § 1407(a), but submit that the Eastern District of New York is not the most appropriate transferee forum. The *Kelly* Plaintiffs respectfully submit that the Related Actions, as well as all tag-along actions, should be transferred to Judge Anuraag Singhal in the Fort Lauderdale division of the Southern District of Florida. As detailed below, the factors the Panel considers when determining to transfer and consolidate related actions strongly support the Southern District of Florida as the transferee forum.

**I.    LEGAL ARGUMENT**

  **A. Standard of Review**

Under 28 U.S.C. § 1407(a), the Panel has discretion to transfer and consolidate or coordinate similar actions pending in different districts to maximize the convenience of the parties and witnesses and promote the just and efficient conduct of the actions. *See also* MANUAL FOR COMPLEX LITIGATION, FOURTH, § 20.131, p. 220. Centralization is appropriate when common

questions of fact across numerous actions creates the potential for duplicative discovery, inconsistent pretrial rulings, inconvenience to the parties, and an unnecessary exhaust of judicial resources. *In re Enfamil Lipil Mktg. & Sales Practices Litig.*, 764 F. Supp. 2d 1356, 1357 (J.P.M.L. 2011) (selecting the Southern District of Florida as appropriate transferee forum for actions involving "marketing and advertising" of "representations concerning the presence and/or efficacy of two nutrients found in breast milk that are known to promote brain and eye development in infants"); *In re Erie COVID-19 Bus. Interruption Prot. Ins. Litig.*, MDL 2969, 2020 WL 7384529, at *3 (J.P.M.L. Dec. 15, 2020). "Section 1407 does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer." *In re Gadolinium Contrast Dyes Prods. Liab. Litig.*, 536 F. Supp. 2d 1380, 1382 (J.P.M.L. 2008). Centralization has the salutary effect of placing all related actions before a single judge who can formulate a pretrial technique that "(1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, and (2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties." *Ibid.*; *see also In re Jan. 2021 Short Squeeze Trading Litig.*, MDL 2989, 2021 WL 1220775, at *1 (J.P.M.L. Apr. 1, 2021).

    **B. The Southern District of Florida is the Most Appropriate Transferee Forum**

    Centralization of all Related Actions is appropriate as all cases share common factual questions, overlapping legal issues, and are in the procedural infancy stages of litigation—all of the Related Actions were commenced within the last two months with the first being filed on February 5, 2021. Moreover, centralization will prevent the massive proliferation of effort inherent in conducting discovery on common issues in different courts. As such, there are no

practical hindrances to expedient coordination and the implementation of uniform pretrial procedures and scheduling in the Southern District of Florida.

The Southern District of Florida offers a convenient location for pretrial proceedings in the Related Actions and has a strong nexus to the litigation. Florida has the fourth-highest birth rate in the United States with 220,002 births.[1] The U.S. Census Bureau estimates that more children under the age of 5 reside in Florida (1,138,320 children) than in New York (1,128,306 children) and New Jersey (515,167 children).[2] Several of the actions involve claims brought by residents of the State of Florida or consumers seeking to enforce Florida law.[3] Thus, it is highly probable that additional tag-along actions will be filed in the Southern District of Florida as it is the home to significantly more putative class members.

Fort Lauderdale is an accessible, metropolitan area with easy access to several international airports, *to wit*: the Fort Lauderdale International Airport, which is located **4.6 miles** from the Southern District of Florida (Fort Lauderdale) Courthouse; the Miami International Airport, which is located 29.3 miles from the Southern District of Florida (Fort Lauderdale) Courthouse; and the West Palm Beach International Airport, which is located 44.3 miles from the Southern District of Florida (Fort Lauderdale) Courthouse. *See In re Trasylol Prods. Liab. Litig.*, 545 F. Supp. 2d 1357, 1358 (J.P.M.L. 2008) ("The Southern District of Florida, where a constituent action is pending, currently has a relatively low number of MDL dockets and offers an accessible metropolitan location."); *In re Monat Hair Care Products Mktg., Sales Practices & Prods. Liab. Litig.*, 325 F.

---

[1] *See* Centers for Disease Control and Prevent, National Vital Statistics Reports, Vol. 70, No. 2, p. 21 — State and Territorial Data for 2019 (Mar. 23, 2021), available at: https://www.cdc.gov/nchs/data/nvsr/nvsr70/nvsr70-02-508.pdf.
[2] *See* U.S. Census Bureau, Quick Facts on Population Estimates in Florida as of July 1, 2019, available at: https://www.census.gov/quickfacts/FL.
[3] *See, e.g.*, *Garces v. Gerber Products Co. et al.*, Case No. 1:21-cv-719 (N.D. Ill.); *Wallace et al. v. Gerber Products Co. et al.*, Case No. 2:21-cv-2531 (D.N.J.).

Supp. 3d 1364, 1365 (J.P.M.L. 2018) (the Southern District of Florida "offers a readily accessible and convenient transferee forum"). There can be no dispute that the Southern District of Florida offers a more convenient and accessible forum than the Eastern District of New York.

The experience of Judge Singhal and the resources and capacity of the Southern District of Florida also weigh in its favor. Judge Singhal is already presiding over the first case commenced and pending in the district, *Kelly et al. v. Gerber Products Co.*, Case No. 0:21-cv-60602-AHS, and is familiar with the claims raised in these actions. *See In re Trasylol Prods. Liab. Litig.*, 545 F. Supp. 2d 1357, 1358 (J.P.M.L. 2008) (considering the fact that an action is already pending in the transferee forum); *In re Imagitas, Inc.*, 486 F. Supp. 2d 1371, 1372 (J.P.M.L. 2007) (selecting transfer to a "jurist already familiar with the contours of the litigation"). The judges in the Southern District of Florida are also well-versed in products liability and deceptive practices litigation.[4]

This Panel often considers the experience of the trial judge when selecting a forum to transfer pretrial proceedings in a multidistrict litigation. *See, e.g.*, *In re Vioxx Prods. Liab. Litig.*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005) ("Given the geographic dispersal of constituent actions and potential tag-along actions, no district stands out as the geographic focal point for this nationwide docket," so the Panel "searched for a transferee judge with the time and experience to steer this complex litigation on a prudent course"); *In re Meridia Prods. Liab. Litig.*, 217 F. Supp. 2d 1377, 1378 (J.P.M.L. 2002) (similar); *In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.*, 990 F. Supp. 834, 836 (J.P.M.L. 1998) (similar). Judge Singhal is an experienced trial judge who will steer the course of these cases through pretrial

---

[4] *See, e.g.*, *Nunez v. Coloplast Corp.*, 461 F. Supp. 3d 1260 (S.D. Fla. 2020) (Judge Singhal presiding) (concerning pelvic mesh-sling implant multidistrict litigation action); *Epstein v. Gilead Scis., Inc.*, 441 F. Supp. 3d 1277 (S.D. Fla. 2020); *Nelson v. Mead Johnson Nutrition Co.*, 270 F.R.D. 689 (S.D. Fla. 2010) (involving marketing of baby foods in violation of consumer-related statutes).

proceedings prudently and efficiently. Judge Singhal is a highly respected, persistent, and able jurist who has presided over numerous complex class actions and is more than adequately equipped to handle complex litigation including the complexities that could arise in a multidistrict litigation.

Moreover, the Southern District of Florida has the resources and capacity to handle this case. *See In re Jan. 2021 Short Squeeze Trading Litig.*, MDL 2989, 2021 WL 1220775, at *3 (J.P.M.L. Apr. 1, 2021) (the Southern District of Florida has "the resources and the capacity to efficiently handle what may be a large and complex litigation"); *In re Monat Hair Care Products Mktg., Sales Practices & Prods. Liab. Litig.*, 325 F. Supp. 3d 1364, 1365 (J.P.M.L. 2018) (the Southern District of Florida "offers a readily accessible and convenient transferee forum"); *In re Trasylol Prods. Liab. Litig.*, 545 F. Supp. 2d 1357, 1358 (J.P.M.L. 2008) (considering the "relatively low number of MDL dockets" in the Southern District of Florida). Federal court statistics show that the Southern District of Florida has fewer pending civil cases per judge (342 cases) than judges in the Eastern District of New York (809 cases), the District of New Jersey (2,742 cases), and the District of Delaware (608 cases).[5] The Southern District of Florida is also much more efficient—it takes significantly longer for a civil case to proceed from filing to trial in the Eastern District of New York (41.6 months), the District of New Jersey (37.1 months), and the District of Delaware (28.4 months) than in the Southern District of Florida (15.8 months). *Id*.

Accordingly, *Kelly* Plaintiffs respectfully submit that these actions should be consolidated for pretrial proceedings and transferred to Judge Singhal in the Southern District of Florida.

Dated: April 6, 2021.

Respectfully submitted,

*/s/ Cody L. Frank*

---

[5] *See* U.S. District Courts - Federal Court Management Statistics (Sept. 30, 2020), available at: https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0930.2020.pdf.

        Cody L. Frank
        FRANK LAW FIRM, P.A.
        515 East Las Olas Boulevard, Ste. 120
        Fort Lauderdale, Florida 33301
        Telephone: (954) 787-6525
        Facsimile: (954) 787-6524
        Email: cody@codyfrank.com
        Email: eservice@codyfrank.com

        *Counsel for Plaintiffs*
        *Andrea Kelly and Cole Millican*