BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: BABY FOOD MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 2997 |

**INTERESTED PARTY RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR TRANSFER OF ACTIONS PURSUANT TO 28 U.S.C. § 1407**

Pursuant to Rule 6.2(e) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Plaintiffs Mattia Doyle, Matthew Hanson, Lacy Martin, Holly Silverthorn, and Jessica Strobel (together, the "Doyle Plaintiffs") submit this Interested Party Response in Opposition to Plaintiffs Lori-Anne Albano, Myjorie Philippe, Rebecca Telaro, and Alyssa Rose's ("Albano Plaintiffs") Motion for Transfer of Actions Pursuant to 28 U.S.C. § 1407 for Centralized Pretrial Proceedings [ECF No. 1] (the "Motion"). The Motion requests transfer of all the cases listed in the Motion, as well as all potential tag-along cases, to the United States District Court for the Eastern District of New York.

The cases at issue address the advertising, marketing, and sale of popular baby food products by seven major manufacturers in the United States. The plaintiffs in all cases allege that Defendants knowingly advertised their baby food as safe and suitable for consumption by babies, in order to encourage consumers to purchase their products.

There are sixty-one related and potential tag-along cases (together, the "Actions") before the Panel, which involve claims against Beech-Nut Nutrition Company ("Beech-Nut"); Gerber Products Company ("Gerber"); Hain Celestial Group, Inc. ("Hain"); Nurture, Inc. ("Nurture"); Plum PBC and its parent company, Campbell Soup Company; North Castle Partners (d/b/a Sprout

1

Foods, Inc.); and Walmart, Inc. (together, "Defendants"). Among these cases include those brought by the *Doyle* Plaintiffs: *Doyle v. Beech-Nut Nutrition Co.*, 1:21-cv-00186-GLS-TWD (N.D.N.Y.), *Hanson v. Hain Celestial Group, Inc.*, 2:21-cv-01269-FB-AYS (E.D.N.Y.), *Martin v. Gerber Products Co.*, 2:21-cv-05846-CCC-MF (S.D.N.Y.), and *Strobel v. Nurture, Inc.*, 1:21-cv-02129-MKV (S.D.N.Y.). The *Doyle* Plaintiffs agree with the *Albano* Plaintiffs that formal coordination under 28 U.S.C. § 1407 is appropriate. However, given the complications and inefficiencies of conducting an industry-wide multidistrict litigation ("MDL"), the *Doyle* Plaintiffs respectfully submit that the Panel should create Defendant-specific MDLs and transfer the cases to the district in which each Defendant is headquartered.[1]

I. **THE PANEL SHOULD DENY THE MOTION TO CONSOLIDATE AND TRANSFER ALL THE ACTIONS TO THE EASTERN DISTRICT OF NEW YORK, AND SHOULD INSTEAD TRANSFER THE ACTIONS TO THE JURISDICTION IN WHICH EACH DEFENDANT IS HEADQUARTERED**

The *Albano* Plaintiffs seek to consolidate and transfer sixty-one Actions against seven different baby food manufacturers to the Eastern District of New York, even though the Actions involve different defendants and claims. The *Doyle* Plaintiffs, who have brought separate class actions against Beech-Nut, Gerber, Hain, and Nurture, oppose the motion to centralize their cases with the numerous other actions pending against other baby food manufacturers. The Panel may transfer actions that involve "one or more common questions of fact" where transfer "will be for the convenience of parties and witnesses" and "will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407. Centralizing the *Doyle* Plaintiffs' separate actions against Beech-Nut, Hain, Gerber, and Nurture in one District will not serve the convenience of the parties and

---

[1] This position is consistent with the approach suggested by the *Thomas* Plaintiffs, as well. *See* Plaintiffs Thomas, Kavulak, MacLeod, Navarez, Fleissner, Bigaouette, Eggnatz, Hagmaier, Fallon, McKeon, Crawford, Bryan, Cason, and Hampton's Response to Motion for Transfer of Actions Pursuant to 28 U.S.C. § 1407 [ECF No. 99] ("Thomas Plaintiffs' Response").

2

witnesses, nor will it promote the just and efficient conduct of those actions. Instead, the Actions against each Defendant should be centralized in each Defendant's home district.

Although the *Doyle* Plaintiffs agree that centralizing actions against each Defendant in one district would serve judicial economy and eliminate the risk of inconsistent judgments, centralizing *all* the cases against *all* of the Defendants would complicate rather than streamline the management of these cases. In that regard, the Actions against each baby food manufacture will involve unique questions of fact. Defendants are separate companies with separate testing policies, separate advertising and marketing campaigns, and separate products. As a result, centralizing all Actions against all Defendants would not make discovery more efficient. For instance, a deposition of a Gerber witness will not eliminate the need for a deposition of a Beech-Nut witness. And, because each Defendant used variable testing and made different representations, the answer to each Defendant's liability could be different without risking an inconsistent result in an action against a different Defendant.

Instead of serving judicial economy, litigating the claims against all Defendants in one consolidated action will create significant inefficiencies as the Court and the parties will have to constantly be concerned with determining which issues overlap and which do not. It will also multiply the parties and counsel involved in a manner that will not help streamline the cases. For these reasons, this Panel regularly denies motions to centralize multi-defendant actions. *See, e.g., In re Paycheck Prot. Program (PPP) Agent Fees Litig.*, 481 F. Supp. 3d 1335, 1337 (J.P.M.L. 2020) (denying motion to centralize actions brought against multiple lenders where "the actions involve dozens of different lenders, and there is no common or predominant defendant across all actions"); *In re Secondary Market Refund Litig.*, 481 F. Supp. 3d 1345, 1346 (J.P.M.L. 2020) (declining motion to centralize all actions against three competing companies in the secondary

ticket market, finding that "[c]reating an industry-wide MDL for all three defendants would seem to complicate pretrial proceedings more than it would streamline them"); *In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351 (J.P.M.L. 2012) (denying motion to centralize all actions involve fentanyl patches irrespective of manufacturer); *In re Yellow Brass Plumbing Component Prods. Liab. Litig.*, 844 F. Supp. 2d 1377, 1378 (J.P.M.L. 2012) (denying centralization of thirteen product liability actions involving different plumbing products, stating that "we are typically hesitant to centralize litigation against multiple, competing defendants which marketed, manufactured, and sold similar products").

The Panel has recognized its "usual reluctance to centralize actions against different defendants in one MDL," because "a multi-defendant MDL may prolong pretrial proceedings, because of, *inter alia*, the possible need for separate discovery and motion tracks, as well as the need for additional bellwether trials." *In re CP4 Fuel Pump Mktg., Sales Pract., and Prods. Liab. Litig.*, 412 F. Supp. 3d 1365, 1367 (J.P.M.L. 2019) (denying motion to centralize ten single-defendant cases).

The fact that Defendants are competitors also militates against consolidation in one case. As the Panel has previously stated, "[c]entralizing competing defendants in the same MDL may unnecessarily complicate case management, due to the need to protect trade secret and confidential information." *In re Invokana (Canagliflozin) Prods. Liab. Litig.*, 223 F. Supp. 3d 1345, 1348 (J.P.M.L. 2016); *see also In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d at 1351 ("Centralization of all actions against all manufacturers will add few efficiencies to the resolution of this litigation" and "could complicate these matters, as defendants may need to erect complicated confidentiality barriers, since they are business competitors.").

Moreover, consolidation and transfer of *all* the Actions to the Eastern District of New York will not serve the convenience of the parties and witnesses. Of the seven Defendants, only one is headquartered in the Eastern District of New York. Instead, the Panel should centralize and transfer the Actions based on where each Defendant is headquartered. Therefore, cases involving Beech-Nut should be transferred to the Northern District of New York; cases involving Gerber should be transferred to the Eastern District of Virginia; cases involving Hain should be transferred to the Eastern District of New York; and cases involving Nurture should be transferred to the Southern District of New York. Not only will this serve the convenience of the parties and witnesses, but it will permit the parties to continue the cooperative efforts that are already underway in many of these jurisdictions, as detailed by the *Thomas* Plaintiffs. *Thomas* Plaintiffs' Response [ECF No. 99], at 10-13.

If, however, the Panel should decide that centralizing all of the Actions in a multi-defendant MDL is preferable, the *Doyle* Plaintiffs request that the Panel transfer the Actions to the Eastern District of New York. The federal courthouse in Cadman Plaza is relatively close to the headquarters of three of the four Defendants named in the majority of the Actions—Hain (headquartered is in the Eastern District of New York), Nurture (headquartered in the Southern District of New York), and Beech-Nut (headquartered in the Northern District of New York). In addition, the Eastern District of New York is more easily accessible to the parties than the other courts proposed by interested parties, since there are three major airports nearby.

II.     **CONCLUSION**

For the reasons set forth above, the *Doyle* Plaintiffs respectfully request that the Panel deny the request of the *Albano* Plaintiffs to consolidate, centralize, and transfer the Actions to the Eastern District of New Jersey. Instead, the *Doyle* Plaintiffs request that the cases be centralized

and transferred to the jurisdiction where each Defendant is headquartered. Should the Panel decide that a multi-defendant MDL is preferable, the *Doyle* Plaintiffs request that the Actions be transferred to the Eastern District of New York.

Dated April 13, 2021

Respectfully Submitted,

/s/      *Annick Persinger*
Annick Persinger
TYCKO & ZAVAREEI LLP
1970 Broadway, Suite 1070
Oakland, CA 94612
Telephone: 510-254-6806
Facsimile: (202) 973-0950
Email: apersinger@tzlegal.com

*Counsel for Plaintiffs Mattia Doyle, Lacy Martin, Holly Silverthorn, Jessica Strobel, and Matthew Hanson*